UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| JUAN H. DOMINGUEZ, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:05-0465 |
| | ) | (Criminal No. 5:01-0027) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On June 6, 2005, Movant filed a Motion to Relieve him From a Final Judgment Under Federal Rule of Civil Procedure 60(b)(4) Due to the District Court's Lack of Jurisdiction to Impose an Enhanced Sentence and a Memorandum in Support.[1] (Document Nos. 76 and 77.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. §636(b)(1)(B). (Document No. 78.) Having examined Movant's Motion and Memorandum in Support in this matter and the record in United States v. Dominguez, Criminal No. 5:01-0027, and Dominguez v. United States, Civil Action No. 5:06-0424, a Section 2255 case, the undersigned finds that the issues which Movant raises herein are properly considered under Section 2255 and must be dismissed.

---

[1] Because Movant is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

**FACTUAL BACKGROUND**

By Indictment filed on February 1, 2001, Movant was charged with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and possessing cocaine with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1). (Criminal Action 5:01-0027, Document No. 20.) On May 1, 2001, Movant pled guilty to conspiracy to distribute cocaine as charged in Count One of the Indictment. (Id., Document Nos. 42 and 43.) On August 28, 2001, he was sentenced to 84 months imprisonment and a three year term of supervised release. (Id., Document Nos. 57 and 58.) Movant filed his Notice of Appeal with the Fourth Circuit Court of Appeals on August 28, 2001. (Id., Document No. 54.) Movant challenged the District Court's denial of credit for acceptance of responsibility in sentencing him. On January 28, 2002, the Fourth Circuit affirmed the decision of the District Court. United States v. Dominguez, 24 Fed.Appx. 227 (4th Cir. 2002). Movant did not seek review of the Fourth Circuit's decision in the United States Supreme Court. Accordingly, Movant's conviction and sentence became final in April, 2002, ninety days after the Fourth Circuit's entry of its decision. See Sup. Ct. R. 13.1; Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 1076, 155 L.Ed.2d 88 (2003)(holding that "[f]inality attaches when the Court affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires.")

On June 6, 2005, more than three years after Movant's conviction and sentence became final, Movant filed the instant Motion alleging that the District Court "lacked jurisdiction to impose an enhanced sentence where the government failed to set forth an essential element in the indictment." (Document Nos. 76 and 77.) Specifically, Movant states that "[n]o drug quantity was charged in the indictment to which petitioner pled guilty as to count one in exchange for the dismissal of the

remaining two; however, at sentencing, the district judge found petitioner guilty of distributing 453.6 g of cocaine based solely on the Probation Officer's Report and statements made by petitioner." (Document No. 77, p. 4.) Movant states that "because (1) he pleaded guilty upon a plea agreement with no relevant facts to sentencing resulting from an indictment failing to state any drug amount; (2) the court lacked subject matter jurisdiction to impose an enhanced sentence over the maximum established by the United States Sentencing Guidelines; and (3) [Movant] had to be sentenced to a maximum term of 12 to 18 months in prison established by an offense level of 12, according to the U.S.S.G." (Id., p. 11.)

On May 30, 2006, Movant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[2] (Dominguez v. United States, Civil Action No. 5:06-0424, Document No. 85.) Movant challenged his sentence based upon Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (June 24, 2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). (Id., p. 4.) Specifically, Movant alleged that his sentence was improperly enhanced based upon facts neither admitted by him nor found by the jury. Movant further alleged that the District Court violated his "Fifth and Fourteenth Amendment rights to due process of law by the arresting officer's failure to inform Movant of right to contact consulate pursuant to the Vienna convention" and his Sixth Amendment right to effective assistance of counsel. (Id., pp. 4 - 7.) By Memorandum Opinion and Judgment Order entered on February 28, 2007, the District Court dismissed Movant's Section 2255 Motion finding that Movant's "claims seeking

---

[2] It appears that, perhaps thinking that this matter constituted a Section 2255 proceeding, Movant requested leave to file a second or successive Section 2255 Motion in the Fourth Circuit Court of Appeals prior to filing his Section 2255 Motion in May, 2006. The Fourth Circuit denied Movant's request because it did not appear that he had previously initiated proceedings under Section 2255. (Document No. 82.)

release from prison are moot" based upon Movant's release from custody.[3] (Id., Document Nos. 93 and 94.)

## DISCUSSION

By his Motion to Relieve him From a Final Judgment Under Federal Rule of Civil Procedure 60(b)(4)[4] Due to the District Court's Lack of Jurisdiction to Impose an Enhanced Sentence, Movant is clearly challenging the rulings of the United States District Court culminating in his conviction and sentence. Such challenges are properly considered first on direct appeal and then in collateral *habeas* proceedings under 28 U.S.C. § 2255, not under the Rules of Civil Procedure. 28 U.S.C. § 2255 provides that an inmate may seek relief under § 2255 within one year from "the date on which the judgment of conviction becomes final[.]" See United States v. Wilson, 256 F.3d 217 (4th Cir. 2001), cert. denied, 534 U.S. 1086, 122 S.Ct. 823, 151 L.Ed.2d 705 (2002); Young v. United States, 2002 WL 32144768 (S.D.W.Va.)(Faber, C.J.), aff'd, 46 Fed. Appx. 723, 2002 WL 31142511 (4th Cir. 2002). Some leeway exists for extending the one year period until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(4). Construing Movant's June 6, 2005, Motion as a Motion under Section 2255, it is clear that it was filed considerably more than one year after his conviction and sentence became final (April, 2002). It further does not appear that the circumstances alleged in

---

[3] The Bureau of Prisons' Inmate Locator indicates that Movant was released from custody on February 8, 2007.

[4] Federal Rule of Civil Procedure 60(b)(4) provides that

(b) On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
\* \* \*
(4) the judgment is void[.]

4

Movant's Motion were discovered at some later date. Rather, Movant's allegations are based upon circumstances as he knew them at the time of the District Court proceedings. Accordingly, Movant's Motion (Document No. 76.) must be denied as filed beyond the time authorized under Section 2255 for doing so. Overlooking Movant's filing of his Motion well beyond the time authorized for doing so and considering his claims on their merits, the undersigned finds that they are akin to claims under Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005). In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362 - 2363. In Blakely, the Supreme Court reaffirmed the Court's holding in Apprendi and invalidated Washington's sentencing scheme because it required the judge to impose a sentence based on facts neither admitted by the defendant nor reflected in the jury verdict, in violation of the Sixth Amendment.[5] Blakely, 542 U.S. at 303, 124 S.Ct. at 2537. In Booker, the Supreme Court applied the holding in Blakely to the Federal Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244, 125 S. Ct. at 756. The Booker holding applies "'to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" Booker, 543 U.S. at 268, 125

---

[5] In *Blakely*, the Court defined the phrase "statutory maximum" for *Apprendi* purposes as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely*, 542 U.S. at 303, 124 S.Ct. at 2537 (emphasis in original).

S. Ct. at 769 (quoting Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987)). The Fourth Circuit Court of Appeals joined nine Circuit Courts of Appeals which had considered whether Booker applies retroactively to persons whose convictions were final prior to the Supreme Court's decision and determined that it does not. United States v. Morris, 429 F.3d 65 (4th Cir. 2005).

Apprendi and Blakely do not apply because Movant's sentence did not exceed the maximum authorized by the facts established by his plea of guilty to violating 21 U.S.C. § 846, twenty years in prison. Second, Movant is not entitled to relief based upon Apprendi and Blakely in these collateral proceedings. San-Miguel v. Dove, 291 F.3d 257 (4th Cir. 2002), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002), affirming summary dismissal of Section 2241 claims "[b]ecause we find that petitioners cannot raise their Apprendi claims on collateral review regardless of whether their complaints are brought under § 2241 or § 2255 . . . ."

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion to Relieve him From a Final Judgment Under Federal Rule of Civil Procedure 60(b)(4) Due to the District Court's Lack of Jurisdiction to Impose an Enhanced Sentence and a Memorandum in Support (Document No. 76.) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the

Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Movant shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*.

Date: July 22, 2008.

R. Clarke VanDervort
United States Magistrate Judge